UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 22-cr-152-APM |
| | : | |
| **WILLIAM TODD WILSON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO CONTINUE SENTENCING

The United States of America respectfully requests that the Court continue Defendant William Todd Wilson's sentencing hearing, which is currently scheduled for July 12, 2024, for a period of 30-60 days, in light of the decision issued by the Supreme Court last week in *United States v. Fischer*, No. 23-5572 (June 28, 2024).

In *Fischer*, the Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of 1512(c)(2) to January 6. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. The United States seeks this continuance to evaluate the impact of the Court's decision in *Fischer* on the defendant's case.

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4)

whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491.

Here, the United States seeks a brief continuance to assess the impact of the *Fischer* decision. A brief continuance of 30-60 days would not prejudice the defendant or the Court; to the contrary, it would help to ensure a uniform and consistent approach before each judge of the District and Circuit. The United States has consulted with counsel for the defendant, and they do not oppose this request to continue sentencing.

WHEREFORE, the United States respectfully requests that the Court continue the defendant's sentencing for a period of 30-60 days.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:         /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559