# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 22-cr-152 (APM) |
| WILLIAM TODD WILSON, | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO CONTINUE SENTENCING

The United States of America respectfully requests that the Court continue Defendant William Todd Wilson's sentencing hearing, which is currently scheduled for September 20, 2024, to allow the parties time to evaluate the impact of the decision recently issued by the Supreme Court in *United States v. Fischer*, No. 23-5572 (June 28, 2024).

In *Fischer*, the Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of 1512(c)(2) to January 6. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The United States needs time to discuss with defense counsel the impact of the Court's decision in *Fischer* on this case.  The parties are concerned they will not have time to discuss these issues and complete sentencing memoranda by the current deadline of September 11, 2024.

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the

length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491.

Here, the United States seeks a brief continuance to assess the impact of the *Fischer* decision. Such a continuance would not prejudice the defendant or the Court; to the contrary, it would help to ensure a uniform and consistent approach before each judge of the District and Circuit.

The United States has consulted with the defense, and they do not oppose this continuance request. The parties are both available the weeks of December 9 and December 16, should the Court have availability those weeks.

WHEREFORE, the United States respectfully requests that the Court continue the defendant's sentencing.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:         /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559